1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH G. SIMMONS, JR,

8                          Plaintiff,

9     v.

10    DEBORAH J. WOFFARD, et al.,

11                          Defendants.

12

CASE NO. C11-5999 BHS-JRC

ORDER ADOPTING REPORT
AND RECOMMENDATION IN
PART AND DENYING
INJUNCTIVE RELIEF

13        This matter comes before the Court on the Report and Recommendation ("R&R")

14    of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 63), and

15    Plaintiff Joseph G. Simmons Jr.'s ("Simmons") objections to the R&R (Dkt. 71).

16        On July 13, 2012, Judge Creatura issued the R&R recommending that the Court

17    deny Simmons's request for injunctive relief because (1) the Court does not have

18    jurisdiction over the appropriate parties and (2) Simmons has failed to show an actual

19    case or controversy exists.  Dkt. 63.  Simmons objects to both recommendations.

20        With respect to jurisdiction, Judge Creatura found that Simmons had failed to

21    "come forward with any evidence disputing defendants' argument" that Simmons has

22    failed to name as defendants the personnel who is in charge of Simmons's housing

1   decisions.  Dkt. 63 at 3–4.  In his objections, Simmons again fails to show that he has

2   named the proper defendants.  Therefore, the Court adopts the R&R on this issue and

3   denies Simmons's request for injunctive relief based on a lack of jurisdiction.

4        With regard to an actual case or controversy, Judge Creatura found that, because

5   Defendants contend that it is unlikely that Simmons would be placed in general

6   population for the short remainder of his confinement, there was no case or controversy.

7   Dkt. 63 at 4.  Simmons objects that the issue is not moot because it is possible that he

8   could still be moved to general population.  Dkt. 71 at 8–10.  Simmons confuses the

9   doctrine of mootness with the doctrine of establishing an actual injury or threat of injury.

10  Judge Creatura, relying partly on *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983),

11  concluded that Simmons's alleged threat of injury was not real or immediate because

12  Defendants declared that it was unlikely that Simmons would return to general

13  population.  The Court is not persuaded that the rule of *Lyons* is applicable to the facts of

14  this case.  In *Lyons*, the Supreme Court found that the alleged injury was not real and

15  immediate because it would only occur if the plaintiff subsequently provoked a police

16  officer or resisted arrest.  *Lyons*, 461 U.S. at 105.  Other federal courts have adopted the

17  same rationale when the alleged injury will occur only if the plaintiff subsequently

18  disobeys a law, policy, or procedure.  *See, e.g., Knox v. McGinnis*, 998 F.2d 1405, 1413

19  (7th Cir. 1993) ("Knox cannot establish a real and immediate threat that he again will be

20  subject to use of the black box. Although Stateville uses the black box on all segregation

21  prisoners, the mere possibility that Knox may sometime in the future be returned to the

22  segregation unit does not establish a real and immediate case or controversy.").

1    In this case, Simmons will not be subject to the alleged injury if he *cooperates*

2  with prison rules and procedures.  Therefore, because the Court can deny the motion for

3  relief based on a lack of jurisdiction, there is no need to adopt this conclusion or resolve

4  this objection.

5    The Court having considered the R&R, Simmons's objections, and the remaining

6  record, does hereby find and order as follows:

7    (1)    The R&R is **ADOPTED in part**; and

8    (2)    Simmons's request for injunctive relief is **DENIED** for lack of jurisdiction

9  over the proper defendants.

10    Dated this 10th day of September, 2012.

11

12

13    BENJAMIN H. SETTLE
       United States District Judge

14

15

16

17

18

19

20

21

22