UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH G. SIMMONS, JR,

    Plaintiff,

v.

DEBORAH J. WOFFARD, et al.,

    Defendants.

CASE NO. C11-5999 BHS-JRC

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND DENYING INJUNCTIVE RELIEF

    This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 63), and Plaintiff Joseph G. Simmons Jr.'s ("Simmons") objections to the R&R (Dkt. 71).

    On July 13, 2012, Judge Creatura issued the R&R recommending that the Court deny Simmons's request for injunctive relief because (1) the Court does not have jurisdiction over the appropriate parties and (2) Simmons has failed to show an actual case or controversy exists. Dkt. 63. Simmons objects to both recommendations.

    With respect to jurisdiction, Judge Creatura found that Simmons had failed to "come forward with any evidence disputing defendants' argument" that Simmons has failed to name as defendants the personnel who is in charge of Simmons's housing

ORDER - 1

decisions. Dkt. 63 at 3–4. In his objections, Simmons again fails to show that he has named the proper defendants. Therefore, the Court adopts the R&R on this issue and denies Simmons's request for injunctive relief based on a lack of jurisdiction.

With regard to an actual case or controversy, Judge Creatura found that, because Defendants contend that it is unlikely that Simmons would be placed in general population for the short remainder of his confinement, there was no case or controversy. Dkt. 63 at 4. Simmons objects that the issue is not moot because it is possible that he could still be moved to general population. Dkt. 71 at 8–10. Simmons confuses the doctrine of mootness with the doctrine of establishing an actual injury or threat of injury. Judge Creatura, relying partly on *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), concluded that Simmons's alleged threat of injury was not real or immediate because Defendants declared that it was unlikely that Simmons would return to general population. The Court is not persuaded that the rule of *Lyons* is applicable to the facts of this case. In *Lyons*, the Supreme Court found that the alleged injury was not real and immediate because it would only occur if the plaintiff subsequently provoked a police officer or resisted arrest. *Lyons*, 461 U.S. at 105. Other federal courts have adopted the same rationale when the alleged injury will occur only if the plaintiff subsequently disobeys a law, policy, or procedure. *See, e.g., Knox v. McGinnis*, 998 F.2d 1405, 1413 (7th Cir. 1993) ("Knox cannot establish a real and immediate threat that he again will be subject to use of the black box. Although Stateville uses the black box on all segregation prisoners, the mere possibility that Knox may sometime in the future be returned to the segregation unit does not establish a real and immediate case or controversy.").

1   In this case, Simmons will not be subject to the alleged injury if he *cooperates*
2   with prison rules and procedures. Therefore, because the Court can deny the motion for
3   relief based on a lack of jurisdiction, there is no need to adopt this conclusion or resolve
4   this objection.
5   The Court having considered the R&R, Simmons's objections, and the remaining
6   record, does hereby find and order as follows:
7   (1) The R&R is **ADOPTED in part**; and
8   (2) Simmons's request for injunctive relief is **DENIED** for lack of jurisdiction
9   over the proper defendants.
10  Dated this 10th day of September, 2012.

BENJAMIN H. SETTLE
United States District Judge